## OHIO SUPREME COURT—Continued

### 14

No. 18402—Elizabeth Gohman v. City of St. Bernard. Error to the Court of Appeals of Hamilton county.

465. ERROR—1. Failure of defeated party in Appeals court to prosecute error to supreme court, appeals decision becomes the law of the case.

2. Misconstruction by trial court of directions by appeals makes new trial necessary.

1113. STREETS—1. City is liable for resulting damage where change to an unreasonable grade is made by it.

2. Inquiry may be made into cost of alterations and restoration of grade.

MARSHALL, C. J.

1. Where after a definite determination the Court of Appeals has reversed and remanded a cause for further action in the trial court, and the unsuccessful party does not prosecute error therefrom to this court, and the trial court has proceeded in substantial conformity with the directions of the Court of Appeals, its action will not be questioned on a second review, even though upon such second review the Court of Appeals should be of the opinion that its former determination was erroneous.

2. In such event the pronouncement of the court of appeals becomes the law of the case as a rule of practice though not a binding precedent for future cases and upon error being prosecuted from the second review to this court such former determination will not be disturbed.

3. It the trial court misconstrues the directions of the Court of Appeals and does not give full effect to its mandate a new review is appropriate, and if error intervened in such second trial the Court of Appeals should reverse and remand the cause for new trial under proper instructions.

4. Where a grade has not been adopted for a street in a municipality and a property owner erects improvements upon property fronting upon such street with reference to a reasonable grade thereafter to be established, and after completion of such improvements a grade is established by such municipality, resulting in damage to the property so improved, in an action for damages the inquiry relates to the reasonableness of the grade, so established.

5. If such improvements were erected with reference to a reasonable grade, and such established grade is found to be unreasonable the measure of damages is the difference between the market value of the real estate at a reasonable grade with the improvements thereon and the market value of the real estate with the improvements thereon at the unreasonable grade so established.

6. In a suit for damages caused by change of grade an inquiry may be made into the cost and expense of alterations and restorations for the purpose of adjusting the property and its improvements to the new conditions created by the change of grade. This is, however, not for the purpose of ascertaining the extent of the property owner's damage. Its purpose is to ascertain whether the damages shown by decrease in market value can be minimized by resorting to alterations and adjustments. This inquiry can only be pursued when the cost of the proposed alterations is less than the damages proved, as shown by the difference in values before and after the improvement.

Judgment affirmed.

Robinson, Allen and Conn, JJ., concur. Jones, Matthias and Day, JJ., concur in propositions 4, 5 and 6 of the syllabus and in the judgment, but dissent from propositions 1, 2 and 3 of the syllabus.

### 15

No. 18422—Samuel Savin v. Joseph S. Butler. Error to the Court of Appeals of Hamilton county.

123. BAILMENTS—Where pledgee is, by written contract, exempt from liability for loss by burglary or fire; held liable for loss by any other agency.

CONN, J.

Where a pledgee accepts personal property as security for a loan and enters into a written contract with the pledgor, one clause of the contract stating that the pledge is "not to be held accountable for fire or burglary," and the property has become lost to him and to the pledgor by reason of a transaction which is neither a fire nor a burglary, the pledgee must respond to the pledgor for the value of the property.

Judgment affirmed.

Marshall, C. J., Matthias and Allen, JJ., concur.

### 16

No. 18344—American Guaranty Co. v. Thomas McNiece, et al. Error to the Court of Appeals of Guernsey county.

953. SURETIES—Liable on bond of official to persons injured by the malfeasance, misfeasance, or nonfeasance of an official.

ROBINSON, J.

The sureties on a bond of an official, conditioned upon the faithful performance of his duties, are liable to all persons unlawfully injured by the nonfeasance, misfeasance or malfeasance perpetrated by such officer, either by virtue of his office or under color of his office.

Judgment affirmed.

Jones, Matthias, Day and Allen, JJ., concur.